# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| KEITH RAY CARSHALL, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Case No. CIV 13-491-RAW-KEW |
| MIKE WADE, Warden, | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is attacking his conviction in Pittsburg County District Court Case No. CF-2010-39 for Assault and Battery with a Deadly Weapon. He sets forth one ground for relief:

> Ineffective assistance of the appellate counsel for failing to raise 4 meritorious issues of ineffective assistance of trial counsel for failing to use available impeachment evidence, failed to establish perjury on arresting officers, failing to investigate and failed to present a complete defense.

(Dkt. 1 at 5).[1]

The respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

    A.    Petitioner's direct appeal brief. (Dkt. 17-1).

---

[1] Petitioner lists only a claim of ineffective appellate counsel. Petitioner's brief in support, however, states he is asserting claims of both ineffective assistance of trial and appellate counsel. Therefore, the Court will address both claims.

B. The State's brief in Petitioner's direct appeal. (Dkt. 17-2).

C. Oklahoma Court of Criminal Appeals' Summary Opinion affirming Petitioner's judgment and sentence. (Dkt. 17-3).

D. Trial Court's Supplemental Order Denying Post-Conviction Relief. (Dkt. 17-4).

E. Oklahoma Court of Criminal Appeals' Order Affirming Denial of Post-Conviction Relief. (Dkt. 17-5).

F. Relevant transcript excerpts. (Dkt. 17-6).

G. Petitioner's brief in support of application for post-conviction relief. (Dkt. 17-7).

H. State court record. (Dkt. 18).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Facts**

On January 20, 2010, Officer Chris Morris of the McAlester Police Department was dispatched to Petitioner's residence in response to Petitioner's call concerning an intruder in his home who was trying to kill him. Upon arrival at the residence, Officer Morris

approached the door and observed Petitioner with blood on him and holding a knife. Petitioner came out onto the porch and said that someone in the house was trying to kill him. Morris ordered Petitioner to put down the knife, and Petitioner complied. Morris put on rubber gloves and handcuffed Petitioner. (Dkt. 17-6 at 2-3; 12-13).

Shortly after Lieutenant Hearod arrived to assist, Donna MacDowell stepped out onto the front porch. She had lacerations on her face and body and was covered in blood. She informed the officers that Petitioner had tried to kill her. Officer Hearod administered first aid to Ms. MacDowell to stop the bleeding. (P.H. Tr. 25-26, 42; Dkt. 18-2 at 25-26, 42).

## **Analysis**

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

The record shows that Petitioner did not raise a claim of ineffective assistance of trial counsel in his direct appeal. (Dkt. 17-1). In his application for post-conviction relief and his subsequent post-conviction appeal, however, Petitioner alleged trial counsel was ineffective in failing to (1) utilize available impeachment evidence; (2) establish perjury by the arresting officers; (3) investigate and call Officer Kevin Hearod as a witness; and (4) present a

3

complete defense. (Dkt. 17-7). Petitioner also argued his appellate counsel was ineffective for failing to raise these issues concerning trial counsel's ineffectiveness. *Id.* The trial court denied the post-conviction application, and the Oklahoma Court of Criminal Appeals (OCCA) set forth Petitioner's claims and affirmed the denial of post-conviction relief as follows:

> . . . Petitioner argues that trial counsel was ineffective because he failed to present arresting officer impeachment evidence, failed to establish perjury by the arresting police officers, failed to investigate and failed to present a complete defense. Petitioner also argues he was denied effective assistance of appellate counsel because appellate counsel failed to raise these issues regarding trial counsel's ineffectiveness. . . .
>
> In an order filed January 24, 2013, the Honorable James D. Bland, Associate District Judge, denied Petitioner's application for post-conviction relief. After remanding the matter for additional findings of fact and conclusions of law in an Order entered April 18, 2013, a supplemental order was filed in this Court on May 16, 2013.
>
> Judge Bland found Petitioner presented no issue which could not have been raised in his direct appeal. Applying the proper standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), Judge Bland found that none of trial counsel's representation in the four areas alluded to by Petitioner were deficient or ineffective. Judge Bland, therefore, concluded that none of these issues were plainly meritorious appellate issues. He found there was not a reasonable probability that any of these issues would have resulted in a favorable result if raised on direct appeal. Judge Bland found Petitioner failed to show that there was deficient performance by trial or appellate counsel or that there was any resulting prejudice.
>
> Petitioner's conviction was appealed to this Court. In an unpublished opinion issued January 6, 2012, Appeal No. F-2010-0849, the Judgment and Sentence were affirmed. All issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived. Any allegations as to trial counsel's ineffectiveness have been waived. *Castro v. State*, 880 P.2d 387 (Okla. Crim. App. 1994).

*Carshall v. State*, No. PC 2013-0166, slip op. at 1-2 (Okla. Crim. App. Jan. 14, 2013) (Dkt. 17-5).

Under Oklahoma law, claims of ineffective assistance of trial counsel which could have been raised on direct appeal, but were not, are waived. *Speared v. State*, 139 P.3d 953-54 (Okla. Crim. App. 2006). *See also Cannon v. Mullein*, 383 F.3d 1152, 1159 (Okla. Crim. App. 2004) ("Oklahoma, unlike most jurisdictions, generally requires a criminal defendant to raise such claims on direct appeal or forfeit them."). Because Petitioner failed to raise these claims on direct appeal, the claims were procedurally defaulted in the state court.

This Court cannot consider claims on habeas review "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). The Tenth Circuit has acknowledged Oklahoma's consistent application of the "waiver" rule in appellate proceedings and that the OCCA's procedural bar rests on an adequate and an independent state ground. *Steele v. Young*, 11 F.3d 1518, 1522 (10th Cir. 1993). *See also Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2001) (holding that Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). The Tenth Circuit, however, has narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally:

> . . . The Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

*English*, 146 F.3d at 1264 (citation omitted).

The record shows Petitioner was represented by different counsel at trial and on appeal. (Dkts. 17-1 at 1; 17-7 at 3). He, therefore, had the opportunity to confer with separate counsel on appeal, meeting the first requirement of *English*. The second *English* factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through another procedural mechanism. *Id.* at 1263-64. In the trial court's Supplemental Order, each of Petitioner's ineffective assistance of trial counsel claims were reviewed. Based on the evidence presented at the preliminary hearing and jury trial, the trial court determined that trial counsel had rendered effective assistance. (Dkt. 17-4 at 1-2). The OCCA affirmed the trial court's findings. (Dkt. 17-5 at 2). Therefore, the second requirement is met.

Because Petitioner has procedurally defaulted the identified claims in state court, this Court may not consider the claims unless Petitioner shows cause and prejudice for the default, or demonstrates a fundamental miscarriage of justice would result if his claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). To show a fundamental

miscarriage of justice, Petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

Petitioner asserts his "cause" for not raising the claims of ineffective trial counsel on direct appeal was the ineffective assistance of his appellate counsel.

> The *Strickland* test also applies to assessing the effectiveness of appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

In his application for post-conviction relief, Petitioner argued his appellate counsel was ineffective in failing to raise four instances of ineffective trial counsel:

> (1) Trial counsel failed to present impeachment evidence against Police Officer Chris Morris who testified at trial.
>
> (2) Trial counsel failed to establish perjury in the statements of Officers Chris Morris and Kevin Hearod.
>
> (3) Trial counsel failed to investigate Officer Hearod's prior inconsistent statements from Petitioner's preliminary hearing.
>
> (4) Trial counsel failed to present a complete defense by presenting or arguing that Petitioner's video interrogation contained two statements of his innocence.

(Dkt. 17-7 at 3-5). The OCCA affirmed the trial court's denial of Petitioner's ineffective assistance of appellate counsel claims as follows:

7

> Petitioner also claims that he was denied effective assistance of appellate counsel. Claims of ineffective assistance of appellate counsel may be raised for the first time on post-conviction as it is usually a petitioner's first opportunity to allege and argue the issue. As set forth in *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013), post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 674 (1984). *See Smith v. Robbins*, 528 U.S. 259, 289 (2000) ("[Petitioner] must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel."). Under *Strickland*, a petitioner must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-89. And we recognize that "[a] court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). (quoting Strickland, 466 U.S. at 689).
>
> We set forth in *Logan* that in reviewing a claim of ineffective assistance of appellate counsel under *Strickland*, a court must look to the merits of the issues that appellate counsel failed to raise. Only an examination of the merits of any omitted issues will reveal whether appellate counsel's performance was deficient and also whether the failure to raise the omitted issue on appeal prejudiced the defendant; i.e., whether there is a reasonable probability that raising the omitted issue would have resulted in a different outcome in the defendant's direct appeal.
>
> In the present case the trial judge found Petitioner was unable to show any prejudice from appellate counsel's failure to raise these claims. We agree.

*Carshall*, No. PC-2013-166, slip op. at 2-3 (Dkt. 17-5).

To determine whether Petitioner is entitled to habeas corpus relief for appellate counsel's alleged ineffectiveness in failing to raise the issue of trial counsel's ineffectiveness, this Court must examine the merits of Petitioner's four omitted claims. *See Hawkins*, 185 F.3d at 1152.

## Claims 1-2: Impeachment of Arresting Officers and Alleged Perjury by Arresting Officers

Petitioner asserts trial counsel was ineffective in failing to expose the perjury allegedly committed by the two arresting officers. He claims the two officers failed to state in their typed and handwritten police reports that the victim identified Petitioner at the crime scene. Petitioner contends the two officers then committed perjury by testifying that the victim had identified Petitioner as her attacker. Petitioner further alleges trial counsel was ineffective in failing to impeach the officer who testified at trial with the officer's handwritten and typed statements regarding the victim's statement that Petitioner had tried to kill her.

The record shows that at the preliminary hearing, Officers Chris Morris and Kevin Hearod testified that Ms. MacDowell, the victim, identified Petitioner at the crime scene, and both officers testified that MacDowell said Petitioner tried to kill her. (Tr. P.H. 25, 42; Dkt. 17-6). Ms. MacDowell, however, testified that she did not recall the events of January 20, 2010, and did not know who attacked her. (Tr. P.H. 8, 12-13, 19-20; Dkt. 17-6).

During the jury trial, Officer Morris testified that Ms. MacDowell told him Petitioner "tried to kill her." (Tr. 86; Dkt. 17-6 at 14). On cross-examination, defense counsel questioned Morris about his written police reports:

> DEFENSE COUNSEL: You wrote out two different statements in this case, didn't you?
>
> OFFICER MORRIS: Yes.
>
> DEFENSE COUNSEL: And the words that you claim Ms. MacDowell said to you aren't in either of those statements, are they?

9

OFFICER MORRIS: Okay. The--which part?

DEFENSE COUNSEL: This part where you claim that she said he tried to kill me. You didn't include that in either of your reports, did you?

OFFICER MORRIS: No, it's not in the statement.

DEFENSE COUNSEL: Isn't that rather important?

OFFICER MORRIS: There was a lot going on that day.

DEFENSE COUNSEL: Okay. But you took the time later to write out reports back at the station after everything had calmed down?

OFFICER MORRIS: Yes.

DEFENSE COUNSEL: And you didn't include these important words that you're now trying to use against Mr. Carshall?

OFFICER MORRIS: Well--

DEFENSE COUNSEL: Why?

OFFICER MORRIS: It was so obvious with the, the damage that was done to her, it was obvious that someone was trying to kill her.

(Tr. 93-94; Dkt. 17-6 at 15).

Based on this exchange and Officer Morris's failure to include this information in his report, defense counsel accused Officer Morris of assuming Petitioner was the attacker, instead of searching the house for the individuals Petitioner claimed was trying to kill them. (Tr. 94-95; Dkt. 17-6 at 15-16). Defense counsel impeached Morris's credibility by alleging Morris had blindly assumed Petitioner was the attacker. Counsel also used Officer Morris's assumption that Petitioner was the attacker and Morris's failure to document Ms. MacDowell's identification of Petitioner to raise reasonable doubt during the closing

argument.

The trial court made the following findings and denied this claim in a supplemental post-conviction order:

> Trial counsel extensively cross-examined Officer Morris regarding matters he testified to at trial which were not in his report. Under cross examination, Officer Morris readily admitted to the omission. Introduction of the report, even if it were admitted *for impeachment*, would have added little to the in-court impeachment. Further, counsel argued such omissions or inconsistencies to the jury in closing argument. Therefore, this Court finds that trial counsel's handling of this issue does not constitute ineffective assistance of counsel under the *Strickland v. Washington*, 466 U.S. 668, standard.

*Carshall v. State*, No. F-2010-039, Supplemental Order at 1-2 (May 14, 2013) (Pittsburg County Dist. Ct. May 14, 2013) (emphasis in original) (Dkt. 17-4). The OCCA affirmed, agreeing with the trial court that Petitioner had not shown any prejudice from appellate counsel's failure to raise this claim. *Carshall*, No. PC-2013-166, slip op. at 3 (Dkt. 17-5).

The Tenth Circuit repeatedly has held that "counsel's decisions regarding how best to cross-examine witnesses presumptively arise from sound trial strategy." *Delozier v. Sirmons*, 531 F.3d 1306, 1326 (10th Cir. 2008) (quoting *Richie v. Mullin*, 417 F.3d 1117, 1124 (10th Cir. 2005)). Trial counsel in this case used the contents of Officer Morris's written reports to impeach his trial testimony and reduce his credibility by showing that Morris did not include Ms. MacDowell's alleged identification of Petitioner in the reports. Counsel also emphasized in his closing argument the contradictions between the written report and Officer Morris's trial testimony, opening the possibility that the actual assailant could have escaped through the back door of the house. (Tr. 176-77; Dkt. 17-6 at 18-19).

Because Petitioner has not shown that trial counsel's performance was deficient, he

cannot satisfy his burden under *Strickland*, and his claim of ineffective trial counsel for this issue fails. Therefore, appellate counsel was not ineffective in failing to raise this meritless claim. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (citations omitted). The OCCA's decision on this claim was not contrary to, or an unreasonable application of, Supreme Court law under 28 U.S.C. § 2254(d).

**Claim 3: Failure to Call Officer Kevin Hearod to Testify at Jury Trial**

Petitioner alleges trial counsel was ineffective in his failure to call Officer Kevin Hearod to testify at trial. Petitioner claims Officer Hearod's trial testimony that he did not mention the victim's identification of Petitioner as her attacker at the crime scene would prove that Officer Morris's trial testimony was based on conjecture.

Although Officer Hearod did not testify at the jury trial, he did testify at Petitioner's preliminary hearing that Ms. MacDowell identified Petitioner as her attacker. (P.H. Tr. 42; Dkt. 17-6 at 3). As noted above, trial counsel revealed Officer Morris's failure to note Ms. MacDowell's alleged identification in his written reports. The trial court denied this claim in its Supplemental Order:

> As to counsel's decision not to call Officer Hearod for the purpose of attempting to expose his alleged inconsistent statements to the jury, this Court has reviewed his preliminary hearing testimony, and cannot find that the totality of his likely testimony--even if successfully impeached--would have aided the defense. At a minimum, the decision not to undertake such a gamble is a viable trial strategy. Trial counsel's handling of Officer Hearod's potential testimony does not fall below *Strickland* standards.

*Carshall*, No. CF-2010-39, Supplemental Order at 2 (Dkt. 17-4 at 2), *aff'd*, *Carshall*, No. PC-2013-166, slip op. at 3 (Dkt. 17-5).

"[T]he decision of which witnesses to call is quintessentially a matter of strategy for

12

the trial attorney." *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) (citations omitted). In this case, Petitioner speculates that Officer Hearod's testimony would prove that both he and Officer Morris fabricated the victim's identification of Petitioner as the attacker by showing neither officer documented the victim's alleged identification. Petitioner, however, fails to present anything showing that if called, Officer Hearod would have testified in a matter beneficial to Petitioner. Further, it is reasonable to infer Officer Hearod would have testified in a manner consistent with his preliminary hearing testimony that when he arrived at the crime scene, Petitioner was covered in blood, and MacDowell stated Petitioner had proposed marriage to her and then tried to kill her. (P.H. Tr. 42; Dkt. 17-6 at 3). This evidence was presented through Officer Morris's testimony, so Officer Hearod's testimony would have been cumulative and not beneficial to Petitioner. Because Petitioner has failed to show Hearod's testimony would have changed the outcome of the trial, trial counsel's decision not to call him was not deficient and did not constitute ineffective assistance.

Because this underlying claim is without merit, the Court finds appellate counsel's failure to raise the claim did not amount to ineffective assistance. The OCCA's decision that appellate counsel did not render constitutionally ineffective assistance was consistent with Supreme Court law pursuant to 28 U.S.C. § 2254(d).

**Claim 4: Failure to Present a Complete Defense**

Petitioner alleges trial counsel was ineffective in failing to argue the two statements of innocence he made during his videotaped interrogation, causing the statements to go unnoticed by the jury. (Dkt. 1 at 16-17). He first raised this claim in his post-conviction application:

13

> [T]he first claim was the result of the 3rd question asked to Petitioner during the video interrogation by Officer Mike Crandell which hand would he use to stab someone with, Petitioner stated He did not know he never stabbed anyone before[.] [T]he 2nd claim was at the very end of the video interrogation Petitioner told Officer Crandell to look at His hand he did not stab Her . . . .

(Dkt. 17-7 at 5).

The record shows that the video of Petitioner's interrogation was presented in its entirety during the jury trial. (Tr. 123; Dkt. 17-6 at 17). During the interrogation Petitioner informed Detective Mike Crandall that he and Ms. MacDowell were high on methamphetamine and believed someone was trying to kill them. Ms. MacDowell and Petitioner were lying in bed, when she got up and walked toward the bedroom door. Petitioner grabbed her and dragged her back to the bed, because he was worried that something would happen to her. He called the police and reported that someone was trying to kill them. When Ms. MacDowell got up from the bed a second time, Petitioner grabbed a knife by the bed, because he believed she had turned on him and was going to kill him. Petitioner began stabbing Ms. MacDowell and saying: "Are you gonna try to kill me?" "This is what you was [sic] wanting to do to me." "How does it feel?" Petitioner admitted he "couldn't stop himself and only stopped when [Ms. MacDowell] told him she did not want to stab him." (Dkt. 17-6 at 20; State's Ex. 19).

During the interrogation, Petitioner admitted he was high on methamphetamine during the incident, and he was paranoid. He also admitted he did not see anyone else in the house except for Ms. MacDowell. In addition, this was not the first time Petitioner had been high on methamphetamine and believed people were trying to hurt him. Although Petitioner recalled many details about the crime, he did not remember having the knife in his hand or

Officer Morris's telling him to drop the knife. *Id.*

The respondent notes that Petitioner's claim on this issue set forth in the petition is inconsistent with the video of his interrogation. Petitioner claims in the petition that he showed a defensive wound on his hand to the officer and told the officer that the wound proved he "did not do it." (Dkt. 1 at 16). The video, however, shows that the officer assisting with the interrogation noticed the wound on Petitioner's hand, and when Petitioner was asked about it, Petitioner said he did not know how he got the wound on his hand. Petitioner also stated that it would be hard to cut himself there. (Dkt. 17-6 at 20).

The trial court reviewed Petitioner's claim and found as follows in its Supplemental Order:

> The final area raised by Mr. Carshall relates to the handling of his video interrogation. First of all, with the jury having viewed this evidence first-hand, it is unlikely that counsel's arguments regarding its significance rises to the level of actionable ineffectiveness. Secondly, in the context of the trial, the handling of Defendant's statements made therein constituted a tactical difficulty for trial counsel. Despite Defendant's claims of exculpatory value, many of his statements were also inculpatory. Counsel's decisions regarding use and emphasis of Defendant's words were well within the realm of objective reasonableness.

*Carshall*, No. CF-2010-039, Supplemental Order at 2 (Dkt. 17-4 at 2), *aff'd*, No. PC-2013-166, slip op. at 3.

To prove Petitioner was prejudiced by trial counsel's failure to emphasize his alleged claims of innocence, Petitioner must show there is a reasonable probability that the outcome of the jury trial would have been different, but for counsel's errors. *Strickland v. Washington*, 466 U.S. at 694. This Court finds Petitioner has not made that showing, and this claim of ineffective assistance of trial counsel fails, as does the claim that appellate counsel

15

was ineffective in not presenting the claim on appeal. Furthermore, the OCCA's analysis and denial of this claim was consistent with Supreme Court law. 28 U.S.C. § 2254(d).

**Conclusion**

After careful review of Petitioner's claims, the Court finds he has failed to show his trial counsel was ineffective, or that his appellate counsel was ineffective in failing to raise the issue of ineffective trial counsel on direct appeal. The Court further finds the decision of the Oklahoma Court of Criminal Appeals was not contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Habeas corpus relief cannot be granted.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 3rd day of March 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma